Dear Mayor O'Briant:
This office is in receipt of your opinion request concerning the powers of the Mayor and Board of Aldermen of the Town of Ridgecrest. We understand your question may be stated as follows:
 Does the Mayor and Board of Aldermen of the Town of Ridgecrest control the expenditure of the revenues raised by the volunteer fire department, or is this authority vested in the fire chief?
At the outset, we note this office issued to you an opinion responsive to a 1990 request in which the author stated:
 ". . . the volunteer fire department . . . [of the Town of Ridgecrest] . . . is not an agency or department of the Town of Ridgecrest. . . . The volunteer fire department receives no municipal funds, and the expense funds at issue here are wholly self-generated on a private basis. The municipal governing authority has no legal control over the department, which is a private, volunteer association." Attorney General Opinion Number 90-551, enclosed.
If we relied strictly upon the language quoted above, we could easily respond that the mayor and board of aldermen of the Town of Ridgecrest have no control over the actions of the volunteer fire department, including those decisions concerning the expenditure of monies collected from fund raising. However, our review of facts more recently provided us, in addition to application of pertinent law, leads us to a conclusion contrary to the conclusion of Opinion 90-551, quoted above.
At the outset, we note the Town of Ridgecrest is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, et seq. Pursuant to these statutes, it remains our opinion that the law empowers the mayor and board of aldermen to provide for the establishment of a municipal fire department. LSA-R.S.33:361 provides in part:
 Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any powers and perform any function necessary, requisite or proper for the management of its affairs not denied by law. LSA-R.S. 33:361(A).
We are informed that the population of Ridgecrest is less than one thousand (1,000). We have previously concluded that a municipality with a population of less than 7,000 is not required to provide fire protection. See enclosed Attorney General Opinion Numbers 86-292, 78-1378, and 78-1468.
However, should the municipality establish a municipal fire department by official action, the fire department would necessarily come within the supervision and control of the mayor and board of aldermen. LSA-R.S. 33:404(A)(1) charges the mayor with the duty to "supervise and direct the administration and operation of all municipal departments, offices, and agencies . . . in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law." Further, all municipal expenditures (inclusive of those made by a municipal fire department) must initially be adopted in an annual operations budget approved by the board of aldermen. LSA-R.S. 33:404(A)(5).
Determinative, then, of the issue presented is whether the volunteer fire department has in fact been adopted by the municipality as its de facto municipal fire department. From the information provided, a considerable amount of control over the Fire Chief and the actions of the fire department is exercised by the mayor and board of aldermen. First, the board of aldermen and the mayor of Ridgecrest are given the power of appointment of the Fire Chief of the volunteer fire department. See Article XII, Articles of Incorporation of the Ridgecrest Volunteer Fire Department. Second, a fire truck was acquired through the use of municipal funds. This occurrence gives the mayor and aldermen control over the use of this public property. Memo, dated July 11, 1991, from Mayor O'Briant to all volunteer firemen. Third, the existence of this volunteer fire department was initiated at council meetings; the appointment of the first fire chief was approved by board resolution. See Minutes of meetings held September 1, 1966 and June 1, 1967. Fourth, the minutes of subsequent meetings (undated) indicate that the fire chief formally reported to the board of aldermen concerning all fire department activities; that raffles for the fire department were approved by the board of aldermen; and that motions concerning salaries for the firemen were presented to the board. (Of course, this fact alone calls into question the nature of the entity as voluntary or nonprofit).
Fifth, minutes from the November 9, 1989 meeting reflect the board exercised control over the "Truck Fund" — a resolution was passed by the board concerning a certificate of deposit for the fund. Sixth, the minutes of the February 8, 1990 meeting indicate the board approved a resolution to borrow $6,800.00 to buy a new fire truck; also at this meeting, the board appointed a new fire chief after the previous officer submitted his resignation. Seventh, at the September 13, 1990 meeting the "board agreed to purchase uniforms for the firemen"; further recited in those minutes is the municipality's receipt of "a fee of $250.00 from the occupants insurance company" for a house fire extinguished by the volunteer fire department. Subsequent minutes reflect the use of funds from municipal petty cash for purchases by the fire department.
Finally, the document most pertinent to our conclusion is the 1992-1993 Budget for the Town of Ridgecrest. The budget, approved by the board of aldermen, reflects an appropriation for the expenses of the fire department, inclusive of salaries, payroll taxes, utilities, telephone, maintenance, truck gas and repair, and other equipment. A volunteer fire department may be considered at least a quasi-public body where it receives public funds, as indicated in the instant matter. In addition to its characterization as a quasi-public body, this office is of the opinion that the element of control already exercised by the municipality over the volunteer fire department, in addition to the department's receipt of municipal revenues, provide more than sufficient indicia for this office to characterize the Ridgecrest volunteer fire department as a municipal entity, subject to the authority and control of the mayor and board of aldermen. For this reason, we conclude that the expenditures of any revenues from the municipal fire department fund are subject to the approval of the board of aldermen, despite the fact that a portion of these monies are raised from private, fund raising activities.
We enclose copies of the Attorney General Opinions cited herein, along with a copy of all minutes and other documents upon which we base our conclusions. By this opinion we clarify the factual statements made by the author of Opinion 90-551. However, please note that it is not the function of this office to determine the accurateness or truth of the facts in any given matter; opinions issued from this office are limited to an interpretation of existing law as applied to the facts presented to us. Any accurate factual assessment would necessitate the ruling of the judiciary.
Should you have further inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0255E